UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Case No.: 23-cv-430

Sean B. Davenport,

Plaintiff,

**COMPLAINT**

v.

Unum Life Insurance Company of America,

Defendant.

The Plaintiff in the above entitled action, as and for his Complaint against the above-named Defendant, states and alleges as follows:

**NATURE OF ACTION, JURISDICTION, PARTIES AND VENUE**

1. The present action is a claim for disability and life insurance waiver of premium benefits and arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (ERISA).

2. Plaintiff, Sean B. Davenport, is an individual who, at all times relevant, resided in the City of St. Louis Park, County of Hennepin, State of Minnesota.

3. At all times relevant hereto, through his employment, Plaintiff was a participant in group insurance Plan 420242 (Policy and/or Plan) issued by Unum Life Insurance Company of America (Unum).

4. As this action involves an employee benefit plan governed by ERISA, this Court has jurisdiction of this matter pursuant to 29 U.S.C. § 1132(e)(1).

1

5.    Defendant Unum is the insurer and is liable for any benefits under the Policy. Defendant Unum is a corporation which conducts and transacts insurance business within the State of Minnesota.  Unum is not registered as a foreign corporation with the Minnesota Secretary of State's office and has no agent for service of process appointed in the State of Minnesota. Unum is licensed by the Minnesota Department of Commerce to conduct insurance business in the State of Minnesota.  The current mailing address of Unum is:

Unum Life Insurance Company of America
2211 Congress Street
Portland, Maine 04122

6.  The governing jurisdiction as provided in the plan is Minnesota.

### RECITATION OF FACTS

7.    At all times relevant hereto, Plaintiff was employed as a Rotomold Operator for Tennant Company.

8.    Through his employment, Plaintiff was a participant in group Plan 420242.

9.    On June 15, 2021, Plaintiff ceased working due to adverse health conditions.  It is the opinion of his medical providers that he was unable to perform the material and substantial duties of his Own or Any Occupation as defined in the Plans.

10.    Plaintiff timely applied for and was approved disability benefits following the mandatory elimination period as provided in the Plan under a Reservation of Rights.

11.    Defendant denied benefits beyond January 18, 2022 determining that Plaintiff could return to his occupation on a full-time basis.

2

12. Plaintiff timely appealed this determination providing updated medical and vocational information.

13. Via letter dated October 27, 2022, Defendant advised that it was upholding the denial of the disability and life insurance waiver of premium benefits claims.

14. Within that same letter, Plaintiff was informed that he had exhausted his administrative remedies under the Policies and the next step available was to file a legal action.

## CLAIM FOR RECOVERY OF BENEFITS AND ENFORCEMENT OF PLAINTIFF'S RIGHTS UNDER ERISA

15. Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding Paragraphs.

16. Defendant has violated the clear and unambiguous terms of the applicable Plan, ERISA and applicable regulations in ignoring the facts of Plaintiff's case as a whole, by ignoring his conditions and overall functioning as a whole, by ignoring the opinions of his treatment providers, by ignoring the duties of his occupation as they are generally performed and in denying Plaintiff's claims for ongoing disability and life insurance waiver of premium benefits.

17. As a proximate result of Defendant's violation of ERISA, applicable regulations and the terms of the Plan, Plaintiff has been harmed and deprived of benefits due under the terms of the Plan.

18. Plaintiff is entitled to legal and equitable relief as a result of Defendant's violations of ERISA, applicable regulations and the terms of the Plan, including, but not limited to

3

payment of disability benefits and life insurance wavier of premium benefits wrongfully denied under the terms of the applicable Plan, together with appropriate interest; and, an order for all other appropriate relief including attorneys' fees and costs.

19.    As the Plan was offered and issued in the State of Minnesota, the claim will be reviewed by the Court de novo based upon a preponderance of the evidence standard pursuant to the ban on discretionary clauses.

WHEREFORE, Plaintiff demands judgment against Defendant for an Order from the Court determining that Defendant's decision to deny disability and life insurance waiver of premium benefits was in violation of the Plan and applicable law, and for the sum of disability benefits as provided in the Plan, as well as future benefits so long as he remains disabled in accordance with the terms of the Plan, and reinstatement of his life insurance policy under the waiver of premium provision, together with interest, penalties, attorneys' fees, costs and disbursements in this action, as well as other equitable relief and penalties pursuant to ERISA and otherwise as provided by law.

Dated this 21st day of February, 2023.

**BEEDEM LAW OFFICE**

*s/ Alesia R. Strand*

_____
Thomas J. Beedem (19668X)
tjb3@beedemlaw.com
Alesia R. Strand (0332884)
ars@beedemlaw.com
222 South Ninth Street, Suite 1600
Minneapolis, MN  55402
(612) 305-1300  Phone
(612) 339-5765  Facsimile

ATTORNEYS FOR PLAINTIFF

4